PATRICK H. JUDGE, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Ejectment — damages for withholding land used as a highway — decision as to the plaintiff's right in remainder after the termination of a corporate existence.*

An action of ejectment was brought against a railroad company to recover land constituting part of a public highway in front of the plaintiff's premises, and thereafter, pending the action, the land was condemned by the railroad corporation in proceedings by eminent domain:

*Held,* that the plaintiff was not entitled to recover anything more than nominal damages for the withholding of the land from his possession from the time of the railroad company's first use thereof to the time of the award by the commissioners of appraisal in the proceedings by eminent domain.

In an action of ejectment, where the land has been acquired by a railroad corporation by the exercise of the right of eminent domain, the court is not called upon to decide whether or not the plaintiff has a right in remainder after the corporate existence of the defendant shall have terminated.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of Albany on the 24th day of May, 1889, after a trial at the Albany Circuit before the court without a jury. At the trial it was adjudged that the plaintiff was the owner in fee simple of the premises claimed in the complaint, subject to the right of the defendant, the New York Central and Hudson River Railroad Company, to occupy and use the same for railroad purposes under the right obtained by it in proceedings by eminent domain set forth in the answer, and that the plaintiff was entitled to recover the possession thereof after the expiration of the defendant's right to the same for railroad purposes, and that the plaintiff recover

from the defendant the sum of $200 damages and interest, together with the costs of the action.

*Matthew Hale*, for the appellant.

*A. J. Parker*, for the respondent.

FISH, J.:

The action is in ejectment for the recovery of the possession of land and damages for withholding the same, accompanied with a prayer for an injunction restraining defendant, etc.

The land in dispute constitutes part of a public highway in the city of Albany, known as Broadway. The plaintiff claims the title in fee subject to the public easement. The possession of the defendant is the use and occupation for railway purposes. The action was tried before a trial judge without a jury. A decision followed in favor of plaintiff, "*for the recovery of the possession of said premises, subject to the right of the defendant aforesaid, and after the expiration thereof, and for two hundred dollars damages*," upon which judgment has been entered. The defendant took possession of the *locus in quo* on the 23d of May, 1882, and has since continued in possession in the manner stated.

If this state of affairs constituted the whole case as against the plaintiff, the defendant was wrongfully in possession, and ejectment might be maintained, or some other form of action which would afford a proper remedy. (See *Henderson et al.* v. *N. Y. Central R. R. Co.*, 78 N. Y., 423.)

Although Broadway had been a public street from time immemorial, yet the title of plaintiff as adjoining owner is presumed to extend to the center of the street, and the owner may control the land as against everbody, except as against the rights of the public as an avenue of travel.

The defendant entered the premises in pursuance of an agreement with the mayor of the city, made under the authority of chapter 258 of the Laws of 1881. That act and the proceedings under it put defendant in possession of all the rights of the public, but it did not take away from plaintiff his title to the street as far as the center thereof. The city undertook under that act to save defendant harmless from claims for compensation to the owner of the adjoining

property, for damages which accrued by reason of the change of grade; and this plaintiff, having presented to the city of Albany his claim for such damages to his adjoining property, and obtained and accepted an award therefor, and executed a release, has been fully compensated for all his damages to his adjoining lot.

It was so adjudicated in *Matter of New York Central and Hudson River Railroad Company to acquire title of the land of Patrick H. Judge* (11 N. Y. St. Rep., 866), and it is so held by the learned justice who decided this case. This then left no other question to be determined except as to the title of plaintiff to the land in the street and damages for withholding it. Section 3 of chapter 258 of the statute of 1881 gave defendant the right to acquire the title to so much of the land covered by said street as defendant needed for the purpose named, in pursuance of the provisions of the act of 1850, entitled "An act to authorize the formation of railroad corporations and to regulate the same," and the acts amendatory thereof.

At the time this action was commenced no proceedings to that end had been taken, but soon after the commencement of the action defendant did institute the necessary proceedings for condemnation of the land for the uses of defendant in the operation of its railway. The learned justice in his decision finds that such proceedings were prosecuted to a determination; that an award of the damages was made to plaintiff for the value of his title in the street, which was fixed at a nominal sum, probably because the title to the land in the street was of no practical value to him; that the appraisal and report thereof was by the court confirmed, and the sum was afterwards tendered to the plaintiff and accepted by his attorney. And the learned justice has found, as conclusion of law, in terms, "that by the award of five dollars, made by the commissioners, as set forth in the supplemental answer herein, and the confirmation of the said award and the payment thereof to the plaintiff, the defendant became entitled to enter upon, take possession of and use the land described in the complaint for the purposes of its corporation during the continuance of its corporate existence. That by said award and order of confirmation and the payment thereof to the plaintiff, the plaintiff became and was divested and barred of all right, estate and interest in the real estate described in the com-

plaint during the corporate existence of the defendant. That by reason of said award, order of confirmation and payment, the plaintiff is not entitled to any judgment that the defendant surrender to the plaintiff the said real estate described in the complaint, or any part thereof during the corporate existence of defendant."

The defendant, then, was rightfully in possession of the land at the time of the trial and decision. It does not matter that the right of possession came to defendant after the commencement of the action. The defendant was allowed by the court to interpose the supplemental answer setting up this defense, and it is presumed to have been allowed upon such terms as were just.

It is not material, for the purposes of this action, whether or not, under the proceedings to condemn the land, the defendant took a fee or whether the fee remains in plaintiff, subject to the occupation, possession and user during the corporate existence of defendant. The defense to the ejectment is as perfect in one case as the other. The action of ejectment can only be maintained to recover possession of land wrongfully withheld. The court, therefore, was not called upon to decide in this action whether or not the plaintiff has a remainder after the corporate existence of defendant shall terminate (if that time ever comes). Sufficient unto the day when that emergency confronts the courts. So much of the decision and judgment as determines the question as to the remainder, and as directs the judgment in favor of plaintiff for recovery of possession of the premises, is clearly erroneous.

Finally, can plaintiff recover anything for damages in a case where he cannot recover the possession? In this case he has recovered $200. There is no proof making a basis for such a finding. The case is stripped of all claims for damages, except what accrued for witholding the *locus in quo* from the time of defendant's entry to the time of the award by the commissioners of appraisal. When we consider that the land was a part of the public highway for the use of which plaintiff could get no benefit, that its value to the plaintiff was only five dollars, which sum included interest on the value since defendant took possession, and which sum was accepted by him, as there was no evidence in the case furnishing a basis for naming any particular sum beyond a nominal sum, the recovery should not exceed a nominal sum.

The judgment should be reversed, new trial granted, costs to abide event.

Learned, P. J., and Landon, J., concurred.

Judgment reversed, new trial granted, costs to abide event.